NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RAYMOND PHILLIPS, | : | |
| | : | |
| Petitioner, | : | Civil No. 12-4636 (JAP) |
| | : | |
| v. | : | |
| | : | |
| BRIAN ELWOOD, et al., | : | **OPINION** |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Raymond Phillips, *Pro Se*
A# 046-396-277
B.F.D.F.
4250 Federal Drive
Batavia, NY 14020

David E. Dauenheimer
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Respondents

**PISANO, District Judge**

Petitioner Raymond Phillips ("Petitioner"), an immigration detainee, was detained at the Monmouth County Correctional Center, Freehold, New Jersey, on June 5, 2012 when he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner, charged as removable due to drug and felony

convictions and being held by the Bureau of Immigration and Customs Enforcement ("ICE") as a pre-removal order detainee, contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c), because he was not taken into ICE custody when released from prison for a removable offense. (Petition, ECF No. 1 at p. 7 of 10), and because he is not a danger to the community (*Id.* at p. 5 of 10). Petitioner was convicted in January of 2002 and was not served with a Notice to Appear and detained by ICE until March 27, 2012. (*Id.* at p. 7 of 10).

By letter dated May 7, 2013 (ECF No. 19), Respondents advised the Court that a final order of removal has been secured against Petitioner as the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on April 5, 2013, and Petitioner did not seek review of that decision in the Court of Appeals. As such, Petitioner is no longer being held in pre-removal proceedings under 8 U.S.C. § 1226(c), but his status has changed so that he is now being held in post-order custody under 8 U.S.C. § 1231.

On April 22, 2013, the Court of Appeals resolved the challenge raised by Petitioner as a pre-removal order detainee, holding that, even if 8 U.S.C.S. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if they delayed. *See*

*Sylvain v. Attorney General of United States*, 714 F.3d 150, 157 (3d Cir. 2013). The Court of Appeals, therefore, ruled that an alien raising the claim fostered here was not entitled to habeas relief simply because the alien asserted that the immigration officials delayed taking him/her into custody. *See id.* Correspondingly, as stated in the Petition, Petitioner's challenge is without merit.

Furthermore, as Respondents point out, Petitioner is now being detained post-removal order, under 8 U.S.C. § 1231(a). This statute directs the Attorney General to remove aliens within ninety (90) days of the entry of a removal order. *See* 8 U.S.C. § 1231(a)(1)(A). The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). With respect to criminal aliens such as Petitioner, the statute specifically provides that, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) ... of this title." 8 U.S.C. § 1231(a)(2).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release. *See* 8 U.S.C. §§ 1231(a)(3) and (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). In *Zadvydas*, the United States Supreme Court interpreted § 1231(a)(6) to include "an

implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

For the foregoing reasons, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. If Petitioner's detention becomes illegal or unconstitutional under the post-removal order statute or *Zadvydas*, Petitioner may file another § 2241 petition for relief from this Court.

An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: July 1, 2013